This case is not to be distinguished in substance from the case of M'Kee Co. v. Love, sheriff, decided in this court at this place, May Term, 1814. With the reasoning of that case, the doctrine there laid down, and the principles therein contained, I entirely concur, and therefore deem it unnecessary here to repeat them. In point of form an additional plea is contained in this ease, which is not pleaded in that, but it affects not, neither does it make any alteration in, the question determined by that decision. The plea is that after the writ had been executed upon Brownlow, and he had failed and refused to give bail, and therefore was committed to jail for safe-keeping, the plaintiff, M'Alister, by his agent, put into possession of Brownlow, a bed, bedstead, bedclothes and cording, by means of which he broke the said prison, without the privity, consent, knowledge, or neglect of Love, the sheriff, and effected his escape. This plea shows either a voluntary or a negligent escape, and it matters not which of the two, as both are comprehended in the above decision. It amounts not either in words or in legal import to a voluntary discharge by the *Page 69 
plaintiff, M'Alister. It is only in the easement furnished by him, which was altogether subject to the control of the sheriff, and optional with him whether he would permit it or not. If he permitted it, he can not complain, being his own act. Take the alternative that he did not, and it makes out a case of negligence and inattention to his duty. It can not be inferred from the act of furnishing bed, bedclothes, c., that he intended a discharge, for it supposes a residence and continuance in prison, — these articles being for his accommodation in that place, — and precludes the contrary idea of a renewal or discharge. This is my view of the additional plea in this case, and its legal operation is embraced by the above case of M'Kee Co. v. Love, a case which has fully gone into all the learning on the subject, and clearly stated the principles of the decision, with which I am perfectly satisfied. I consider it unnecessary to add any thing further.
I am therefore of opinion there is no error in the record, and the judgment of the Circuit Court ought to be affirmed.
But judgment was given according to the opinion of the other two judges.